**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| TIDEWATER INVESTMENT SRL<br>Erin Court, Bishop's Court Hill<br>St. Michael, Barbados,<br><br>TIDEWATER CARIBE, C.A.<br>Avenida 3, Local Edificio Semarca<br>Sector La Ensenada<br>Caracas, Venezuela<br><br>   *Plaintiffs and Arbitration Award Creditors*,<br><br>   v.<br><br>BOLIVARIAN REPUBLIC OF VENEZUELA<br>Ministerio del Poder Popular para Relaciones Exteriores<br>Oficina de Relaciones Consulares<br>Avenida Urdaneta<br>Esquina de "Carmelitas" a "Puente Llaguno"<br>Piso 1 del Edificio Anexo a la Torre "MRE"<br>Caracas, 1010<br>República Bolivariana de Venezuela,<br><br>   *Defendant and Arbitration Award Debtor*. | Civil Action No. _____ |

**COMPLAINT**

Plaintiffs and Arbitration Award Creditors Tidewater Investment SRL and Tidewater Caribe, C.A. (collectively, "Tidewater"), by and through their undersigned counsel, for their complaint against Defendant and Arbitration Award Debtor the Bolivarian Republic of Venezuela ("Venezuela"), state as follows:

**NATURE OF THE ACTION**

1. This is an action to recognize and enforce the pecuniary obligations of an arbitral award issued under the Convention on the Settlement of Investment Disputes between States and

Nationals of Other States (the "ICSID Convention" or "Convention"), in favor of Tidewater and against Venezuela, pursuant to 22 U.S.C. § 1650a and Article 54 of the Convention.

## PARTIES

2. Plaintiff Tidewater Investment SRL is a company organized and existing under the laws of Barbados.

3. Plaintiff Tidewater Caribe, C.A., is a corporation organized and existing under the laws of the Bolivarian Republic of Venezuela.

4. Defendant the Bolivarian Republic of Venezuela is a foreign state within the meaning of the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. §§ 1602 *et seq.*

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction under 22 U.S.C. § 1650a and 28 U.S.C. §§ 1330(a) and 1605. Venezuela is not entitled to immunity from the jurisdiction of this Court because, pursuant to 28 U.S.C. § 1605(a)(6), this action seeks confirmation of an award governed by a treaty in force in the United States calling for the recognition and enforcement of arbitral awards — *i.e.*, the ICSID Convention.

6. Venue in this District is proper under 28 U.S.C. § 1391(f)(4).

7. This Court may exercise personal jurisdiction over Venezuela pursuant to 28 U.S.C. § 1330(b).

## THE ICSID CONVENTION

8. The ICSID Convention establishes a framework for the resolution of investment disputes between a foreign sovereign member to the Convention and a national of another country member to the Convention. The Convention created the International Centre for Settlement of Investment Disputes ("ICSID"), which administers arbitral proceedings under the ICSID Convention, including the arbitration at issue here.

9. Article 54(1) of the ICSID Convention addresses the recognition of ICSID awards and provides that "[e]ach Contracting Party shall recognize an award rendered pursuant to this Convention as binding and enforce the pecuniary obligations imposed by that award within its territories as if it were a final judgment of a court in that State."

10. The United States has been a party to the ICSID Convention since 1966, when the Convention entered into force and Congress enacted enabling legislation with respect to Article 54(1) of the Convention. That legislation, 22 U.S.C. § 1650a, provides that: "An award of an arbitral tribunal rendered pursuant to chapter IV of the convention shall create a right arising under a treaty of the United States. The pecuniary obligations imposed by such an award shall be enforced and shall be given the same full faith and credit as if the award were a final judgment of a court of general jurisdiction of one of the several States."

11. Venezuela signed the ICSID Convention on August 18, 1993, and deposited its ratification on May 2, 1995. The treaty entered into force for Venezuela on June 1, 1995. On January 24, 2012, Venezuela denounced the ICSID Convention. In accordance with Article 71 of the ICSID Convention, the denunciation took effect six months later, on July 25, 2012.

12. Pursuant to Article 72 of the ICSID Convention, Venezuela's denunciation did "not affect the rights or obligations under th[e] Convention . . . arising out of consent to the jurisdiction of [ICSID] given by [Venezuela] before such notice [of denunciation] was received by the depositary." Tidewater's rights and Venezuela's obligations under the ICSID Convention at issue arose before Venezuela denounced the Convention. Accordingly, pursuant to Article 72 of the ICSID Convention, Venezuela's denunciation was not relevant to the arbitration between Tidewater and Venezuela and is not relevant to this action.

## THE ARBITRATION AND THE AWARD

<u>The Arbitration Proceedings and Award</u>

13. On February 16, 2010, Tidewater and several of its affiliates (the "Affiliates") commenced an arbitration against Venezuela by filing a Request for Arbitration with ICSID under the ICSID Convention, the Agreement Between the Government of Barbados and the Government of the Republic of Venezuela for the Promotion and Protection of Investments (the "BIT"), and Venezuela's 1999 Law for the Promotion and Protection of Investments (the "Investment Law"). The arbitration concerned, *inter alia,* the expropriation in 2009 of (i) Tidewater's investments in Tidewater Marine Service, C.A., a company that provided maritime-support services to the oil and gas industry in Venezuela, and (ii) the Affiliates' investments in certain vessels that operated in Venezuela.

14. The Request for Arbitration was registered by the Secretary-General of ICSID on March 5, 2010. A three-member arbitral tribunal was duly constituted on August 31, 2010, in accordance with the ICSID Convention (the "Tribunal").

15. The first session of the Tribunal was held in Washington, D.C., on January 24, 2011.

16. The Tribunal held a hearing on jurisdiction in Washington, D.C., between February 29, 2012, and March 1, 2012.

17. On February 8, 2013, the Tribunal issued a decision on jurisdiction, asserting jurisdiction over Tidewater's claims under the BIT, but dismissing all claims brought under the Investment Law. Accordingly, because the only basis for jurisdiction for the claims brought by the Affiliates was the Investment Law, the Affiliates were dismissed from the arbitration proceeding.

18. After receiving extensive submissions from the parties, the Tribunal held a hearing on the merits in Washington, D.C., between June 9, 2014, and June 12, 2014.

19. On March 13, 2015, the Tribunal issued an award (the "Award") in favor of Tidewater and against Venezuela in the principal amount of US$46.4 million, plus interest from May 8, 2009 (date of expropriation) to the date Venezuela satisfies the Award at a rate of 4.5% per annum compounded quarterly, and US$2.5 million in partial reimbursement of Tidewater's costs. A copy of the Award certified by the ICSID Secretary-General is attached as Exhibit 1 hereto and incorporated by reference as though fully set forth herein.

### The Republic's Application for Partial Annulment

20. On July 9, 2015, Venezuela filed with the ICSID Secretary-General an application for partial annulment of the Award pursuant to Article 52 of the ICSID Convention. The ICSID Secretary-General registered Venezuela's application for partial annulment of the Award on July 16, 2015.

21. A three-member ad hoc committee (the "Committee") was constituted on September 9, 2015, to hear Venezuela's request for partial annulment.

22. On July 11, 2016, after receiving submissions from the parties, the Committee held a hearing on Venezuela's application for partial annulment in Paris, France.

23. On December 27, 2016, the Committee issued a decision (the "Decision on Annulment") on Venezuela's application for partial annulment. While the Committee annulled a portion of the Award, it left unaffected the remainder of the Award, including the adjudication of US$36.397 million in compensation to Tidewater plus interest from May 8, 2009 (date of expropriation) to the date Venezuela satisfies the Award at a rate of 4.5% per annum compounded quarterly, and US$2.5 million in partial reimbursement of Tidewater's costs associated with the arbitration proceeding. The Committee also awarded Venezuela US$122,069 in partial

reimbursement of Venezuela's costs associated with the annulment proceeding. A copy of the Decision on Annulment certified by the ICSID Secretary-General is attached as Exhibit 2 hereto and incorporated by reference as though fully set forth herein.

24. Venezuela participated in the arbitration and annulment proceedings from the outset and was represented by counsel throughout.

### The Final Award and Current Status

25. Pursuant to Article 53(2) of the ICSID Convention, the Decision on Annulment was incorporated into the Award to constitute the full and final award in this case (the "Final Award").

26. ICSID proceedings are now fully concluded, and the Final Award is final and binding on Venezuela.

27. Venezuela must comply with the Final Award by paying Tidewater (i) compensation in the amount of US$36.397 million, plus interest from May 8, 2009 (date of expropriation) to the date Venezuela satisfies the Final Award at a rate of 4.5% per annum compounded quarterly (as of July 21, 2017, the compensation amount plus interest equals $52,539,136); and (ii) US$2,377,931, the net amount owed by Venezuela to Tidewater in partial reimbursement of Tidewater's costs associated with the arbitration proceeding (*i.e.*, US$2.5 million) after deducting US$122,069 awarded by the Committee to Venezuela in partial reimbursement of Venezuela's costs associated with the annulment proceeding.

28. Venezuela has not paid any part of the Final Award.

29. On March 16, 2015, pursuant to Article 54 of the New York Civil Practice Law and Rules, Tidewater *ex parte* petitioned the United States District Court for the Southern District of New York for recognition of the Award as a judgment of that court. The United States District Court for the Southern District of New York entered an *ex parte* judgment for Tidewater, and Venezuela has moved to vacate that judgment for want of jurisdiction under the FSIA. Tidewater

files this Complaint without prejudice to its position in the proceedings pending in the Southern District of New York.

## COUNT ONE
## FOR RECOGNITION OF THE FINAL AWARD
## PURSUANT TO 22 U.S.C. § 1650a

30. Tidewater restates and incorporates all the foregoing paragraphs of this Complaint as though fully set forth herein.

31. The Final Award was rendered by an arbitral tribunal pursuant to Chapter IV of the ICSID Convention.

32. Both Barbados and Venezuela were parties to the ICSID Convention when the parties consented to the jurisdiction of ICSID to resolve the dispute.

33. The United States is also a party to the ICSID Convention. Under Article 54(1) of the ICSID Convention, the United States "shall recognize an award rendered pursuant to this Convention as binding and enforce the pecuniary obligations imposed by that award within its territories as if it were a final judgment of a court in that State."

34. Pursuant to 22 U.S.C. § 1650a, the pecuniary obligations imposed by the Final Award shall be enforced and shall be given the same full faith and credit as if the Final Award were a final judgment of a court of general jurisdiction of one of the States.

35. Accordingly, the Court should recognize and enforce the pecuniary obligations of the Final Award, including by directing the Court to enter judgment in the amounts of (i) US$36.397 million in compensation, plus interest from May 8, 2009, through the date of payment at a rate of 4.5% per annum compounded quarterly (which, as of July 21, 2017, equals US$52,539,136), and (ii) US$2,377,931, the net amount owed by Venezuela to Tidewater in partial reimbursement of Tidewater's costs associated with the arbitration proceeding after deducting

US$122,069 in partial reimbursement of Venezuela's costs associated with the annulment proceeding.

## PRAYER FOR RELIEF

WHEREFORE, Tidewater respectfully request that the Court enter judgment in favor of Tidewater and against Venezuela, as follows:

    A.    confirming, recognizing, and enforcing the pecuniary obligations of the Final Award against Venezuela;

    B.    ordering that Venezuela pay to Tidewater US$36.397 million in compensation, plus interest from May 8, 2009, to the date of satisfaction of the Final Award at a rate of 4.5% per annum compounded quarterly (which, as of July 21, 2017, equals US$52,539,136);

    C.    ordering that Venezuela pay to Tidewater US$2,377,931, the net amount owed by Venezuela to Tidewater in partial reimbursement of Tidewater's costs associated with the arbitration proceeding, after deducting US$122,069 in partial reimbursement of Venezuela's costs associated with the annulment proceeding; and

    D.    granting such other and further relief as the Court may deem just and proper.

July 21, 2017                                    Respectfully submitted,

 /s/ Thomas L. Cubbage III
Thomas L. Cubbage III (D.C. Bar No. 444656)
Miguel López Forastier (D.C. Bar No. 464654)
(*application for admission to this Court pending*)
Alexander A. Berengaut (D.C. Bar No. 989222)
Mark D. Herman (D.C. Bar No. 1000346)
COVINGTON & BURLING LLP
One City Center
850 Tenth Street, N.W.
Washington, DC 20001
Tel: 202-662-5464
Fax:  202-778-5185
tcubbage@cov.com
mlopezforastier@cov.com
aberengaut@cov.com
mherman@cov.com

*Attorneys for Plaintiffs and Arbitration Award Creditors Tidewater Investment SRL and Tidewater Caribe, C.A.*