IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TIDEWATER INVESTMENT SRL<br>Erin Court, Bishop's Court Hill<br>St. Michael, Barbados,<br><br>TIDEWATER CARIBE, C.A.<br>Avenida 3, Local Edificio Semarca<br>Sector La Ensenada<br>Caracas, Venezuela<br><br>    *Plaintiffs,*<br><br>    v.<br><br>BOLIVARIAN REPUBLIC OF VENEZUELA<br>Ministerio del Poder Popular para Relaciones Exteriores<br>Oficina de Relaciones Consulares<br>Avenida Urdaneta<br>Esquina de "Carmelitas" a "Puente Llaguno"<br>Piso 1 del Edificio Anexo a la Torre "MRE"<br>Caracas, 1010<br>República Bolivariana de Venezuela,<br><br>    *Defendant*. | Civil Action No. 1:17-cv-01457-TJK<br><br>**DECLARATION OF MIGUEL LÓPEZ FORASTIER REGARDING SERVICE ATTEMPTS** |

I, Miguel López Forastier, hereby declare as follows:

1. I make this declaration regarding prior service attempts under 28 U.S.C. § 1608(a) in support of the request by Tidewater Investment SRL and Tidewater Caribe, C.A. (collectively, "Plaintiffs") for service via diplomatic channels pursuant to 28 U.S.C. § 1608(a)(4) on the Bolivarian Republic of Venezuela ("Defendant").

2. Service under 28 U.S.C. § 1608(a)(1) was unavailable in this case because Plaintiffs and Defendant do not have any "special arrangement for service."

3. Service under 28 U.S.C. § 1608(a)(2) has proven unsuccessful, as the Venezuelan Central Authority has ignored Plaintiffs' efforts to serve Venezuela under the 1965 Hague

- 2 -

Convention on Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (the "Hague Convention").  In compliance with its obligations under the Hague Convention, Plaintiffs promptly completed and mailed all of the required forms to the Venezuela Central Authority on 22 August 2017.  According to the Hague Convention, once the documents are received, the Venezuelan Central Authority has the obligation of serving them or informing Plaintiffs that the documents could not be served.  *See* Hague Convention, arts. 5-6.  Although more than five months have elapsed since Plaintiffs' 22 August 2017 mailing, Plaintiffs have yet to receive a response from the Defendant or the Venezuelan Central Authority regarding the summons, complaint, and accompanying initiating papers that Plaintiffs submitted pursuant to the Hague Convention.

4. Service under 28 U.S.C. § 1608(a)(3) is unavailable because Venezuela objected to service by mail when it acceded to the Hague Convention.  According to the United States District Court for the District of Columbia's Attorney Manual for Service of Process on a Foreign Defendant (Mar. 2016), at 5-6, "If a foreign state which is a party to the Hague Convention formally objected to service by mail when it acceded to the Convention, service under Section 1608(a)(3) should not be attempted."

5. Accordingly, service under 28 U.S.C. § 1608(a)(4) is appropriate and necessary.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on 31 January 2018 in Washington, D.C.

                                          Miguel López Forastier