IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

TIDEWATER INVESTMENT SRL
Erin Court, Bishop's Court Hill
St. Michael, Barbados,

TIDEWATER CARIBE, C.A.
Avenida 3, Local Edificio Semarca
Sector La Ensenada
Caracas, Venezuela

    *Plaintiffs and Arbitration Award Creditors*,

    v.

BOLIVARIAN REPUBLIC OF VENEZUELA
Ministerio del Poder Popular para Relaciones
Exteriores
Oficina de Relaciones Consulares
Avenida Urdaneta
Esquina de "Carmelitas" a "Puente Llaguno"
Piso 1 del Edificio Anexo a la Torre "MRE"
Caracas, 1010
República Bolivariana de Venezuela,

    *Defendant and Arbitration Award Debtor.*

No. 1:17-cv-01457-TJK

## PLAINTIFFS TIDEWATER INVESTMENT SRL AND TIDEWATER CARIBE, C.A.'S MOTION FOR ENTRY OF DEFAULT JUDGMENT AND STATEMENT OF POINTS OF LAW AND AUTHORITY IN SUPPORT THEREOF

MIGUEL LÓPEZ FORASTIER
ALEXANDER A. BERENGAUT
MARK D. HERMAN
COVINGTON & BURLING LLP
One City Center
850 Tenth Street, N.W.
Washington, D.C.  20001

*Attorneys for Plaintiffs and Arbitration Award Creditors Tidewater Investment SRL and Tidewater Caribe, C.A.*

## <u>TABLE OF CONTENTS</u>

**Page**

MOTION FOR ENTRY OF DEFAULT JUDGMENT ................................................................. 1

BACKGROUND ........................................................................................................................ 1

      A.     The ICSID Convention ...................................................................................... 1

      B.     The Arbitration And The Award ......................................................................... 2

      C.     This Proceeding ................................................................................................. 5

ARGUMENT ............................................................................................................................. 6

I.      This Court Has Jurisdiction To Enforce The Final Award. ......................................... 6

II.     Venezuela Was Served In Accordance With The FSIA And Failed To Respond
      Within 60 Days. ......................................................................................................... 7

III.    Tidewater Has Established Its Claim For Relief ......................................................... 8

CONCLUSION ......................................................................................................................... 11

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Beer v. Islamic Republic of Iran,*
   574 F. Supp. 2d 1 (D.D.C. 2008) ..............................................................................9

*Cont'l Cas. Co. v. Argentine Republic,*
   893 F. Supp. 2d 747 (E.D. Va. 2012) ........................................................................6

*Duke Energy Int'l Peru Invs. No. 1 Ltd. v. Republic of Peru,*
   904 F. Supp. 2d 131 (D.D.C. 2012) ......................................................................9, 10

*Gates v. Syrian Arab Republic,*
   580 F. Supp. 2d 53 (D.D.C. 2008) .............................................................................9

*M.B.L. Int'l Contractors, Inc. v. Republic of Trinidad & Tobago,*
   725 F. Supp. 52 (D.D.C. 1989) ..................................................................................6

*Mobil Cerro Negro, Ltd. v. Bolivarian Republic of Venezuela,*
   863 F.3d 96 (2d Cir. 2017) ................................................................................6, 9, 10

*Sealift Bulkers, Inc. v. Republic of Armenia,*
   965 F. Supp. 81 (D.D.C. 1997) ..................................................................................8

**Statutes**

Foreign Sovereign Immunities Act, 28 U.S.C. §§ 1602 *et seq.* ..........................................5, 6, 7, 8

* 22 U.S.C. § 1650a ............................................................................................1, 2, 6, 9, 10

28 U.S.C. § 1330 ..............................................................................................................6

28 U.S.C. § 1605 ..............................................................................................................6

* 28 U.S.C. § 1608 ..................................................................................................1, 5, 7, 8, 9

New York Civil Practice Law Article 54 ........................................................................5

**Other Authorities**

* Fed. R. Civ. P. 55 ........................................................................................................1, 7

## MOTION FOR ENTRY OF DEFAULT JUDGMENT

Pursuant to 28 U.S.C. § 1608 and Federal Rule of Civil Procedure 55, Plaintiffs and Arbitration Award Creditors Tidewater Investment SRL and Tidewater Caribe, C.A. (collectively, "Tidewater") move for entry of a default judgment against the Bolivarian Republic of Venezuela ("Venezuela").  As described further below and in the Declaration of Miguel López Forastier submitted concurrently herewith, Venezuela was served with the summons and complaint in this matter through diplomatic channels on April 6, 2018, and has failed to serve any responsive pleading to the complaint within 60 days from service, as required under 28 U.S.C. § 1608(d). Accordingly, the Court should enter default judgment in favor of Tidewater and against Venezuela.

## BACKGROUND

This is an action to recognize and enforce the pecuniary obligations of an arbitral award issued under the Convention on the Settlement of Investment Disputes Between States and Nationals of Other States (the "ICSID Convention"), Mar. 18, 1965, T.I.A.S. No. 6090, 17 U.S.T. 1270, in favor of Tidewater and against Venezuela, pursuant to 22 U.S.C. § 1650a and Article 54 of the ICSID Convention.

### A.     The ICSID Convention

The ICSID Convention establishes a framework for the resolution of investment disputes between a foreign state that is a member of the Convention and a national of another country that is a member of the Convention.  To this end, the Convention created the International Centre for Settlement of Investment Disputes ("ICSID"), which administers arbitral proceedings under the ICSID Convention, including the arbitration at issue here.  ICSID Convention art. 1.  Article 54(1) of the ICSID Convention provides that "[e]ach Contracting State shall recognize an award rendered pursuant to this Convention as binding and enforce the pecuniary obligations imposed by that award within its territories as if it were a final judgment of a court in that State."

The United States has been a party to the ICSID Convention since 1966, when the Convention entered into force.  The same year, Congress enacted enabling legislation with respect to Article 54(1) of the Convention, providing that:  "An award of an arbitral tribunal rendered pursuant to chapter IV of the convention shall create a right arising under a treaty of the United States.  The pecuniary obligations imposed by such an award shall be enforced and shall be given the same full faith and credit as if the award were a final judgment of a court of general jurisdiction of one of the several States."  22 U.S.C. § 1650a.

Venezuela signed the ICSID Convention on August 18, 1993, and deposited its instrument of ratification on May 2, 1995.  *See* Declaration of Miguel López Forastier, Ex. 1 (Decision on Jurisdiction ¶ 124).  The treaty entered into force for Venezuela on June 1, 1995.  *Id.*[1]

### B.      The Arbitration And The Award

On February 16, 2010, Tidewater and several of its affiliates (the "Affiliates") commenced an arbitration against Venezuela by filing a Request for Arbitration with ICSID under the ICSID Convention, the Agreement Between the Government of Barbados and the Government of the Republic of Venezuela for the Promotion and Protection of Investments (the "BIT"), and Venezuela's 1999 Law for the Promotion and Protection of Investments (the "Investment Law").  *See* Declaration of Miguel López Forastier ¶ 2 & Ex. 1.  The arbitration concerned, *inter alia,*

---

[1]  On January 24, 2012, Venezuela denounced the ICSID Convention.  In accordance with Article 71 of the ICSID Convention, the denunciation took effect six months later, on July 25, 2012.  *See* Declaration of Miguel López Forastier, Ex. 1 (Decision on Jurisdiction ¶ 124 n.249). Pursuant to Article 72 of the ICSID Convention, Venezuela's denunciation did "not affect the rights or obligations under th[e] Convention . . . arising out of consent to the jurisdiction of [ICSID] given by [Venezuela] before such notice [of denunciation] was received by the depositary." Tidewater's rights and Venezuela's obligations under the ICSID Convention at issue arose before Venezuela denounced the Convention.  Accordingly, pursuant to Article 72 of the ICSID Convention, Venezuela's denunciation was not relevant to the arbitration between Tidewater and Venezuela and is not relevant to this action.  *See* Declaration of Miguel López Forastier, Ex. 1 (Decision on Jurisdiction ¶ 124 n.249).

Venezuela's expropriation in 2009 of (i) Tidewater's investments in Tidewater Marine Service, C.A., a company that provided maritime-support services to the oil and gas industry in Venezuela, and (ii) the Affiliates' investments in certain vessels that operated in Venezuela. *See* Declaration of Miguel López Forastier, Ex. 1.  The Request for Arbitration was registered by the Secretary-General of ICSID on March 5, 2010.  *See* Declaration of Miguel López Forastier ¶ 2.  A three-member arbitral tribunal (the "Tribunal") was duly constituted on August 31, 2010, in accordance with the ICSID Convention.  *See id.*

On February 8, 2013, the Tribunal issued a decision on jurisdiction, exercising jurisdiction over Tidewater's claims under the BIT, but dismissing all claims brought under the Investment Law.  *See* Declaration of Miguel López Forastier, Ex. 1.  Because the only basis for jurisdiction for the claims brought by the Affiliates was the Investment Law, the Affiliates were dismissed from the arbitration proceeding.  *See id.*

On March 13, 2015, after receiving extensive submissions from the parties and holding a merits hearing between June 9 and 12, 2014, the Tribunal issued an award (the "Award") in favor of Tidewater and against Venezuela in the principal amount of US$46.4 million, plus interest from May 8, 2009 (date of expropriation) to the date Venezuela satisfies the Award at a rate of 4.5% per annum compounded quarterly, and US$2.5 million in partial reimbursement of Tidewater's costs.  *See* Declaration of Miguel López Forastier, Ex. 2 (Award).

On July 9, 2015, Venezuela filed with the ICSID Secretary-General an application for partial annulment of the Award pursuant to Article 52 of the ICSID Convention.  A three-member *ad hoc* committee (the "Committee") was constituted on September 9, 2015, to hear Venezuela's request for partial annulment.  *See* Declaration of Miguel López Forastier ¶ 5.

On December 27, 2016, after receiving submissions from the parties and holding a hearing, the Committee issued a decision (the "Decision on Annulment") on Venezuela's application for partial annulment.  While the Committee annulled a portion of the Award, it left unaffected the remainder of the Award, including the adjudication of US$36.397 million in compensation to Tidewater plus interest from May 8, 2009 (date of expropriation) to the date Venezuela satisfies the Award at a rate of 4.5% per annum compounded quarterly, and US$2.5 million in partial reimbursement of Tidewater's costs associated with the arbitration proceeding.  The Committee also awarded Venezuela 30% of the costs of the annulment proceeding, or US$122,069.  *See* Declaration of Miguel López Forastier ¶ 6 & Ex. 3 (Decision on Annulment).

Pursuant to Article 53(2) of the ICSID Convention, the Decision on Annulment was incorporated into the Award to constitute the full and final award in this case (the "Final Award"). Pursuant to the Final Award, Venezuela must pay Tidewater (i) compensation in the amount of US$36.397 million, plus interest from May 8, 2009 (date of expropriation) to the date Venezuela satisfies the Final Award at a rate of 4.5% per annum compounded quarterly;  and (ii) US$2,377,931, the net amount owed by Venezuela to Tidewater in partial reimbursement of Tidewater's costs associated with the arbitration proceeding (*i.e.*, US$2.5 million) after deducting US$122,069 awarded by the Committee to Venezuela in partial reimbursement of Venezuela's costs associated with the annulment proceeding.  *See* Declaration of Miguel López Forastier, Exs. 2-3.

ICSID proceedings are now fully concluded, and the Final Award is final and binding on Venezuela.  Nevertheless, Venezuela has not paid any part of the Final Award.  *See* Declaration of Miguel López Forastier ¶ 13.

### C.    This Proceeding

On July 21, 2017, Tidewater filed this action to recognize and enforce the pecuniary obligations of the Final Award. *See* ECF No. 1, Declaration of Miguel López Forastier ¶ 7. The same day the action was filed, counsel for Tidewater emailed a copy of the complaint to Venezuela's counsel and asked whether Venezuela's counsel would accept service. *See* Declaration of Miguel López Forastier ¶ 8. Venezuela's counsel declined to accept service. *See id.*[2]

Thereafter, Tidewater endeavored to serve Venezuela under the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (the "Hague Convention"), in accordance with 28 U.S.C. § 1608(a)(2). *See* Declaration of Miguel López Forastier ¶ 9. Service on Venezuela could not be made under the Hague Convention, because Venezuela failed to abide by the terms of that treaty. *See id.*

Having been unable to effect service through the Hague Convention, Tidewater asked the State Department to serve the summons and complaint on Venezuela through diplomatic means in accordance with 28 U.S.C. § 1608(a)(4). *See* Declaration of Miguel López Forastier ¶ 10; ECF Nos. 10-11. Service was effected on April 6, 2018, and the return of service was filed by the Clerk of Court in this action on May 7, 2018, with a note that Venezuela's answer was due within 60 days of service on June 5, 2018. *See* ECF No. 13; Declaration of Miguel López Forastier ¶ 11.

---

[2]    Before filing this action, Tidewater petitioned the United States District Court for the Southern District of New York for *ex parte* recognition of the Award under Article 54 of the New York Civil Practice Law and Rules. *See* Complaint ¶ 29 (ECF No. 1). Following Venezuela's motion to vacate the *ex parte* judgment in the Southern District of New York, Tidewater commenced this action in accordance with the Foreign Sovereign Immunities Act ("FSIA"). *See id.* On January 22, 2018, the Southern District of New York granted Venezuela's motion to vacate the *ex parte* judgment and dismissed the *ex parte* proceedings in that court without prejudice. *See* Order, *Tidewater Inv. SRL v. Bolivarian Republic of Venezuela*, No. 1:15-cv-01960-ALC (S.D.N.Y. Jan. 22, 2018), ECF No. 47.

To date, Venezuela has not filed an answer or otherwise responded to Tidewater's complaint.  *See* Declaration of Miguel López Forastier ¶ 12.

## ARGUMENT

### I.    **This Court Has Jurisdiction To Enforce The Final Award.**

This Court has jurisdiction under 22 U.S.C. § 1650a and 28 U.S.C. §§ 1330(a) and 1605.

Venezuela is not immune from the jurisdiction of this Court under the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. §§ 1602 *et seq.*  Under the FSIA, "[a] foreign state shall not be immune from the jurisdiction of courts of the United States or of the States in any case" (i) "brought . . . to confirm an award made pursuant to such an agreement to arbitrate, if . . . the agreement or award is or may be governed by a treaty or other international agreement in force for the United States calling for the recognition and enforcement of arbitral awards," *id.* § 1605(a)(6), or (ii) "in which the foreign state has waived its immunity either explicitly or by implication, notwithstanding any withdrawal of the waiver which the foreign state may purport to effect except in accordance with the terms of the waiver," *id.* § 1605(a)(1).

Both exceptions to sovereign immunity apply to an action to recognize and enforce an ICSID arbitral award.  "[T]he FSIA's immunity provisions do not shield a foreign sovereign from federal courts' exercise of jurisdiction over a civil action to enforce an ICSID award:  the waiver and arbitration exceptions to immunity that are found in subsections 1605(a)(1) and (a)(6), respectively, apply, and allow such an action to proceed."  *Mobil Cerro Negro, Ltd. v. Bolivarian Republic of Venezuela*, 863 F.3d 96, 104-05 (2d Cir. 2017) (citing *Blue Ridge Invs., L.L.C. v. Republic of Argentina*, 735 F.3d 72, 83-85 (2d Cir. 2013)); *see also Cont'l Cas. Co. v. Argentine Republic*, 893 F. Supp. 2d 747, 751 (E.D. Va. 2012) (noting that there is no doubt that "ICSID arbitral awards fall within . . . immunity exception"); *cf. M.B.L. Int'l Contractors, Inc. v. Republic of Trinidad & Tobago*, 725 F. Supp. 52, 55 (D.D.C. 1989) (concluding that foreign state implicitly

- 6 -

waived sovereign immunity in U.S. courts by agreeing to convention on enforcement of foreign arbitral awards).

## II.   Venezuela Was Served In Accordance With The FSIA And Failed To Respond Within 60 Days.

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  Fed. R. Civ. P. 55(a).

The FSIA prescribes the following methods of serving a foreign state:

> Service in the courts of the United States and of the States shall be made upon a foreign state or political subdivision of a foreign state:
>
> (1) by delivery of a copy of the summons and complaint in accordance with any special arrangement for service between the plaintiff and the foreign state or political subdivision; or
>
> (2) if no special arrangement exists, by delivery of a copy of the summons and complaint in accordance with an applicable international convention on service of judicial documents; or
>
> (3) if service cannot be made under paragraphs (1) or (2), by sending a copy of the summons and complaint and a notice of suit, together with a translation of each into the official language of the foreign state, by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the head of the ministry of foreign affairs of the foreign state concerned, or
>
> (4) if service cannot be made within 30 days under paragraph (3), by sending two copies of the summons and complaint and a notice of suit, together with a translation of each into the official language of the foreign state, by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the Secretary of State in Washington, District of Columbia, to the attention of the Director of Special Consular Services — and the Secretary shall transmit one copy of the papers through diplomatic channels to the foreign state and shall send to the clerk of the court a certified copy of the diplomatic note indicating when the papers were transmitted.

28 U.S.C. § 1608(a).

Here, service under 28 U.S.C. § 1608(a)(1) was unavailable, because Tidewater and Venezuela do not have any "special arrangement for service"; service under 28 U.S.C. § 1608(a)(2) could not be made in accordance with the Hague Convention, because Venezuela failed to comply with the terms of that convention, *see* Declaration of Miguel López Forastier ¶ 9; and service under 28 U.S.C. § 1608(a)(3) was unavailable, because the Defendant objected to service by mail when it acceded to the Hague Convention, *see* Reservation of Venezuela With Regard to Article 10(a) of the Hague Convention ("The Republic of Venezuela does not agree to the transmission of documents through postal channels.").[3]   Accordingly, Tidewater pursued diplomatic service under 28 U.S.C. § 1608(a)(4).

Diplomatic service was effected on April 6, 2018.  *See* ECF No. 13; Declaration of Miguel López Forastier ¶ 11.   "[A] foreign state [such as Venezuela] shall serve an answer or other responsive pleading to the complaint within sixty days after service has been made under this section."  28 U.S.C. § 1608(d).  Venezuela did not respond within 60 days, by June 5, 2018, and has not responded to date.  Accordingly, a default judgment should be entered against Venezuela. *See, e.g.*, *Sealift Bulkers, Inc. v. Republic of Armenia*, 965 F. Supp. 81, 84 (D.D.C. 1997) ("Under the Foreign Sovereign Immunities Act, if a claimant has properly served a foreign sovereign defendant and the foreign sovereign has failed to respond within sixty days of service, the Court may enter default judgment.").

### III.   Tidewater Has Established Its Claim For Relief.

Under the FSIA "[n]o judgment by default shall be entered by a court of the United States . . . against a foreign state . . . unless the claimant establishes his claim or right to relief by evidence

---

[3]  Available from Hague Conference on Private International Law at https://www.hcch.net/en/instruments/conventions/status-table/notifications/?csid=429&disp=resdn.

satisfactory to the court." 28 U.S.C. § 1608(e). "[T]he plaintiff must present a legally sufficient prima facie case, *i.e.*, 'a legally sufficient evidentiary basis for a reasonable jury to find for plaintiff.'" *Gates v. Syrian Arab Republic*, 580 F. Supp. 2d 53, 63 (D.D.C. 2008) (quoting *Ungar v. Islamic Republic of Iran*, 211 F. Supp. 2d 91, 98 (D.D.C. 2002)), *aff'd*, 646 F.3d 1 (D.C. Cir. 2011). "Although a court receives evidence from only the plaintiff when a foreign sovereign defendant has defaulted, 28 U.S.C. § 1608(e) does not require a court to demand more or different evidence than it would ordinarily receive in order to render a decision." *Id.* "In evaluating the plaintiff's proofs, a court may 'accept as true the plaintiffs' uncontroverted evidence.'" *Id.* (quoting *Estate of Botvin v. Islamic Republic of Iran*, 510 F. Supp. 2d 101, 103 (D.D.C. 2007); *Elahi v. Islamic Republic of Iran*, 124 F. Supp. 2d 97, 100 (D.D.C. 2000)); *see also Beer v. Islamic Republic of Iran*, 574 F. Supp. 2d 1, 9 (D.D.C. 2008) ("This Court accepts the uncontested evidence and sworn testimony submitted by plaintiffs as true in light of defendants' failure to object or enter an appearance to contest the matters in this case."). "[A] plaintiff may establish proof by affidavit." *Gates*, 580 F. Supp. 2d at 63 (citing *Weinstein v. Islamic Republic of Iran*, 184 F. Supp. 2d 13, 19 (D.D.C. 2002)).

Under 22 U.S.C. § 1650a, "An award of an arbitral tribunal rendered pursuant to [the ICSID Convention] shall create a right arising under a treaty of the United States. The pecuniary obligations imposed by such an award *shall* be enforced and *shall* be given the same full faith and credit as if the award were a final judgment of a court of general jurisdiction of one of the several States." (Emphasis added.)

As the mandatory language "shall" reflects, in enacting Section 1650a, Congress "expect[ed] that actions to enforce ICSID awards would not be protracted." *Mobil*, 863 F.3d at 121; *see also Duke Energy Int'l Peru Invs. No. 1 Ltd. v. Republic of Peru*, 904 F. Supp. 2d 131,

133 (D.D.C. 2012) ("The legal standards governing judicial review of arbitration awards are not complicated," and "such review is limited by design." (internal quotation marks omitted)).  Indeed, under the ICSID Convention, "[m]ember states' courts are . . . not permitted to examine an ICSID award's merits, its compliance with international law, or the ICSID tribunal's jurisdiction to render the award; under the Convention's terms, they may do no more than examine the judgment's authenticity and enforce the obligations imposed by the award."  *Mobil*, 863 F.3d at 102.  Thus, "this Court is *required* by statute to give the Award full faith and credit and confirm it accordingly."  *Duke Energy*, 904 F. Supp. 2d at 132-33 (emphasis in original).

Here, Tidewater has submitted to the Court true and correct copies of the March 13, 2015 Award and December 27, 2016 Decision on Annulment, which have each been certified as authentic by ICSID and together constitute the Final Award.  *See* Declaration of Miguel López Forastier, Exs. 2-3.  Accordingly, Tidewater has established its entitlement to relief under 22 U.S.C. § 1650a, and the Court should enforce the pecuniary obligations of the Final Award and give the Final Award the same full faith and credit as a final judgment.

## CONCLUSION

For the foregoing reasons, Tidewater respectfully requests that the Court enter judgment for Tidewater and against Venezuela.  A proposed form of judgment is submitted herewith.

Respectfully submitted,

MIGUEL LÓPEZ FORASTIER
D.C. Bar No. 464654
mlopezforastier@cov.com
ALEXANDER A. BERENGAUT
D.C. Bar No. 989222
aberengaut@cov.com
MARK D. HERMAN
D.C. Bar No. 1000346
mherman@cov.com
COVINGTON & BURLING LLP
One City Center
850 Tenth Street, N.W.
Washington, D.C.  20001
Tel:  202-662-5185
Fax:  202-778-5185

*Attorneys for Plaintiffs and Arbitration Award Creditors Tidewater Investment SRL and Tidewater Caribe, C.A.*

June 28, 2018